UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                              Criminal Case No. 13-20123

Robert Orville West,               Sean F. Cox
                                                  United States District Court Judge

    Defendant.

_____/

## ORDER DISMISSING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

Acting *pro se*, Defendant Robert Orville West ("Defendant") filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1).

18 U.S.C. § 3582(c)(1)(A) allows a criminal defendant to move to modify his term of imprisonment "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"  The United States Court of Appeals for the Sixth Circuit examined the nature of these requirements for a defendant's motion for compassionate release.  In *United States v. Alam*, 960 F.3d 831 (6th Cir. June 2, 2020), the Sixth Circuit held that § 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement is a mandatory claim-processing rule.  *Id*. at 833.  If a defendant fails to comply with this rule, and the Government timely objects to his motion on that basis, the Court must enforce the exhaustion requirement and deny the motion without prejudice.  *Id*. at 834, 836.  The Court may not craft an exception to this statutory exhaustion requirement.  *Id*. at 834.

1

Here, the Government's response brief asserts that Defendant has failed to administratively exhaust his claim. It states that the Bureau of Prisons' "records indicate that West did not request compassionate release." (ECF No. 45 at 13).

Accordingly, the Court issued a Show Cause Order requiring Defendant to **"SHOW CAUSE**, in writing, no later than **February 1, 2021**, and explain why the Court should not deny his Motion for Compassionate Release without prejudice. If Defendant contends that he has submitted a compassionate release request to his warden, Defendant shall include a copy of that request (or other documentation) with his response to this order." (ECF No. 47).

Defendant has not filed any response to the Show Cause Order.

Because Defendant's motion does not comply with § 18 U.S.C. § 3582(c)(1)(A), the Court **DENIES** his motion for compassionate release **WITHOUT PREJUDICE**. Defendant may file a new motion for compassionate release: 1) after he properly submits a compassionate release request with his warden and fully exhausts his administrative rights to appeal an adverse decision, or 2) 30 days after his warden receives his compassionate release request.

**IT IS SO ORDERED.**

s/Sean F. Cox<br>
Sean F. Cox<br>
United States District Judge

Dated: February 17, 2021